# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                      *Plaintiff*,<br><br>v.<br><br>1.604 ACRES OF LAND, MORE OR LESS, SITUATE IN THE CITY OF NORFOLK, COMMONWEALTH OF VIRGINIA, AND 515 GRANBY, LLC., et al. ,<br>                                     *Defendants.* | CASE NO. 2:10-cv-00320<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant 515 Granby, LLC's Motion for Leave to Revise Expert Reports (docket no. 184). After fully considering the parties' arguments, permission to revise the expert reports will be granted to the extent described in this opinion.

This is a land condemnation action initiated by Plaintiff United States on July 1, 2010 to take the parcel of land designated "1.604 Acres of Land, More or Less, Situate in the City of Norfolk, Commonwealth of Virginia" ("the property") for the purpose of constructing an annex to the Walter E. Hoffman United States Courthouse (docket no. 1).[1] The property is located in downtown Norfolk, Virginia, across the street from the existing federal courthouse, at the southwest corner of Granby Street and Brambleton Avenue. The defendants claiming interest in the property are 515 Granby, LLC ("Defendant"), which is the fee owner of the property, and Marathon Development

---

[1] The action was filed in the United States District Court for the Eastern District of Virginia, Norfolk Division. Upon the recusal of District Judge Robert C. Doumar, I was designated to preside over the proceeding.

Group, Inc. ("Marathon"), which was hired by Defendant to manage development of the property. Defendant intended to erect on the property a single-building, mixed-use, 31-story, high-rise, luxury condominium complex known as Granby Tower.

The background and findings of fact made in the Court's opinion dated April 25, 2011 are hereby incorporated by reference. In the order accompanying that opinion, the Court excluded from trial all evidence based on influence of the government project and the continued development of Granby Tower as the highest and best use of the property. The order allowed the presentation of evidence related to costs and entrepreneurial incentive at trial, while reserving the right to exclude such information if it was unfounded or improper. Defendant's two expert appraisers, Richard Marchitelli and Heyward M. Cantrell, had submitted written reports of their opinions and the basis and reasons for them in a timely fashion pursuant to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). In their reports, they expressed the opinion that the highest and best use of the property was the continued development of Granby Tower. Their opinions as to the highest and best use of the property are inadmissible under the order dated April 25, 2011. In the reports, the experts also expressed their opinions as to the valuation of the property under a cost approach. Mr. Marchitelli opined that the value of the direct and indirect costs amounted to $15,000,000. Mr. Cantrell opined that the value of the indirect costs amounted to $11,982,000. Because several of the indirect costs were included in the experts' valuation on the assumption that the highest and best use of the property was the continued development of Granby Tower, these costs are not admissible.

In the instant motion, Defendant seeks leave to supplement and correct the written reports of Messrs. Marchitelli and Cantrell so that the information contained in the reports does not run afoul of the court order. Revision of the expert reports at this stage is untimely under the discovery

deadlines established in the Court's pretrial scheduling order.  Changes to the reports are also untimely under Federal Rule of Civil Procedure 26(e)(2), which provides that "[a]ny additions or changes" to the expert's report or deposition testimony "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  The Rule 26(a)(3) pretrial disclosures were due thirty days before trial; that deadline has expired.

The pretrial scheduling order states that it may be amended by the Court on its own motion.  In addition, Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  The "good cause" standard focuses on the timeliness of the amendment to the scheduling order and the reasons for its tardy submission; "the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 Fed. App'x 156, 162 (4th Cir. 2006) (unpublished); *see also Lineras v. Inspiration Plumbing LLC*, No. 1:10-cv-324, 2010 U.S. Dist. LEXIS 117586, at *4-5, 2010 WL 4623940 (E.D. Va. Nov. 3, 2010) ("The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence.").

I also acknowledge that under Federal Rule of Civil Procedure 37(c)(1), a party that failed to timely supplement its expert reports may still supply that evidence at trial if the failure "was substantially justified or is harmless."  In exercising its "broad discretion" to determine whether the nondisclosure of evidence is substantially justified or harmless, a district court should be guided by the following factors:  (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d

592, 597 (4th Cir. 2003). To be clear, Defendant is seeking leave to supplement its written reports in advance of trial, not to present this evidence at trial without prior disclosure. Nevertheless, it would make little sense to deny Defendant the opportunity to supplement its written reports in advance of trial with regard to evidence that the Court would permit Defendant to present at trial despite not having been previously disclosed.

At the Court's request, Defendant submitted drafts of the revisions it intends to make to its expert reports. These revisions primarily concern the experts' opinions about the highest and best use of the property and the indirect cost component of the valuation. In Mr. Marchitelli's proposed report, he opined that the highest and best use for the property was for mixed-use, high-rise development consisting of rental apartments and limited retail and office space and to hold until financing can be obtained. In Mr. Cantrell's proposed report, he offered the opinion that the highest and best use of the property was for a multi-story, mixed-use development once financing can be secured or to hold the property for development. The opinions of Messrs. Marchitelli and Cantrell are substantially similar to those of Michael Rountrey, the expert appraiser for Plaintiff. It was Mr. Rountrey's position that the highest and best use of the property was to utilize the existing improvements on the property as the underpinning and infrastructure of a high-rise building.

The Constitution requires the landowner to be provided "just compensation" for the taking of its property. *United States v. Miller*, 317 U.S. 369, 373 (1943). The landowner bears the burden to prove the fair market value of the property as of the date of taking. *Id.* at 374; *United States v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991) (citing *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 274 (1943)). Fair market value is determined by considering the property's "highest and best use," which is the "highest and most profitable use for which the property is adaptable and

needed or likely to be needed in the reasonably near future." *Olson v. United States*, 292 U.S. 246, 255 (1934). Highest and best use is an integral aspect of a landowner's case. Granting Plaintiff's motion to exclude the continued development of Granby Tower as the highest and best use of the property left Defendant with no admissible opinion evidence of the highest and best use to present at trial. Although the deadline for supplementing written reports had already passed when Defendant learned of this problem, Defendant acted diligently to obtain corrections to the reports and to seek leave to supplement the reports. The surprise to Plaintiff if the proposed revisions are allowed would be minimal given that Defendant's experts have adopted a position on highest and best use that is much the same as the view espoused by Plaintiff's expert. Exercising my discretion over the conduct of this litigation, I find there is good cause to allow Defendant to supplement the expert reports of Messrs. Marchitelli and Cantrell on the topic of highest and best use.

A different approach is warranted with respect to the proposed revisions to the reports on indirect costs. In Mr. Marchitelli's proposed report, he eliminated every indirect cost except that for architectural and engineering services, which he valued as $2,200,000. In Mr. Cantrell's proposed report, he eliminated every indirect cost except that for architectural and engineering services. For that item, he estimated that the architectural plans were worth $2,903,477, but because adjustments would need to be made to tailor those plans to the needs of another buyer, he subtracted $500,000 for redesign fees and $250,000 for reuse fees to arrive at a final value of $2,153,477.

The cost of the architectural plans prepared specifically for Granby Tower appears to be largely irrelevant to the needs of another purchaser of the property, who is bound to require a new set of plans to be prepared in order to meet his specifications for the use of the property. It would take considerably more time than is available for Plaintiff to conduct the necessary discovery and

investigation to determine to what extent, if any, the cost of the Granby Tower plans accurately reflects the architectural costs related to reproducing the existing site work for Defendant's newly proposed highest and best use. The Granby Tower plans only encapsulate a design for one version of a mixed-use, high-rise structure, but such structures come in a great variety of designs. The record does not reveal any reason to believe the architectural services performed for the development of Granby Tower are an appropriate and fair estimate of the indirect costs of reconstructing the property's existing structures. Further fact finding on this issue would only result in unnecessary delay. Because the proposed inclusion of information on architectural and engineering services is unsubstantiated in the current record and will result in unfair surprise to Plaintiff, I will not permit Defendant to supplement its reports to include this information. Defendant will be permitted to revise the indirect costs component in order to omit indirect costs, and Defendant may make the corresponding adjustments to the subtotals and total market value of the property that are necessitated by a change in the indirect cost figure.

Defendant is directed to accommodate any requests Plaintiff has to depose Defendant's experts on any revisions made to the reports. Plaintiff will be allowed to rebut Defendant's experts' revised opinions at trial without prior disclosure of rebuttal reports. On a separate note, the deadline for filing the pretrial integrated order will be extended to Monday, May 16, 2011, at 12:00 p.m.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __11th__ day of May, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE