# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>1.604 ACRES OF LAND, MORE OR LESS, SITUATE IN THE CITY OF NORFOLK, COMMONWEALTH OF VIRGINIA, AND 515 GRANBY, LLC., et al. ,<br>　　　　　　　　　　　*Defendants.* | CASE NO. 2:10-cv-00320<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon several pretrial motions filed by the parties. The Court's opinion dated April 25, 2011 disposed of five of those motions (docket nos. 136-37, 139, 141-42). The parties' arguments on the remaining motions were heard on May 13, 2011. This memorandum opinion sets forth the Court's ruling on the remaining pretrial motions.

This is a land condemnation action initiated by Plaintiff United States on July 1, 2010 to take the parcel of land designated "1.604 Acres of Land, More or Less, Situate in the City of Norfolk, Commonwealth of Virginia" ("the property") for the purpose of constructing an annex to the Walter E. Hoffman United States Courthouse (docket no. 1).[1] The property is located in downtown Norfolk, Virginia, across the street from the existing federal courthouse, at the southwest corner of Granby Street and Brambleton Avenue. The defendants claiming interest in the property are 515

---

[1] The action was filed in the United States District Court for the Eastern District of Virginia, Norfolk Division. Upon the recusal of District Judge Robert C. Doumar, I was designated to preside over the proceeding.

Granby, LLC ("Defendant"), which is the fee owner of the property, and Marathon Development Group, Inc. ("Marathon"), which was hired by Defendant to manage development of the property. The background and findings of fact made in the Court's opinion dated April 25, 2011 are hereby incorporated by reference. In that opinion, the Court excluded from trial all evidence based on influence of the government project and the continued development of Granby Tower as the highest and best use of the property. The opinion allowed the presentation of evidence related to costs and entrepreneurial incentive at trial, while reserving the right to exclude such information if it was unfounded or improper.

Defendant's Motion to Exclude the Purchase of Condominium Units by Counsel for 515 Granby, LLC and Marathon Development Group, Inc. (docket no. 130) appears to be moot in light of this Court's prior orders on project influence and highest and best use. If Plaintiff seeks to admit this evidence at trial, I will address its admissibility at that time.

In Defendant's Motion *in Limine* to Exclude Real Estate Tax Assessment (docket no. 131), Defendant seeks to exclude the tax assessed value of the property and any real estate tax payments. Based on the parties' substantial agreement on this issue, I will exclude any evidence of the tax assessed value of the subject property and any real estate tax payments for that property introduced for the purpose of proving the market value of the property. If objections are raised at trial to Plaintiff's expert's testimony on tax assessments tracked over time in the Norfolk market, I will address those objections then.

In Defendant's Motion *in Limine* to Exclude Evidence of Prior Litigation and Unpaid Construction Costs (docket no. 132), Defendant seeks to exclude from trial evidence of several suits filed against it, against its managing member Frank T. "Buddy" Gadams, and against other business

entities associated with Mr. Gadams. The suits concerned, among other things, unpaid construction costs, unreturned sales deposits, and unpaid advertising expenses. Defendant also seeks to exclude evidence related to various construction costs billed to Defendant but never paid. Defendant argues that evidence whether the costs incurred by the landowner have been paid is not probative to the value of the property and would be prejudicial to Defendant. I agree. Although evidence introduced for the specific purpose of showing that Defendant has not paid its bills is generally inadmissible in this matter, every possible situation in which admission of such evidence would be sought cannot be anticipated. Therefore, I will rule on this motion, if necessary, when evidence is heard at trial.

Defendant's Motion *in Limine* to Exclude Offers of Settlement (docket no. 133) under Federal Rule of Evidence 408 will be granted.

With respect to Defendant's Motion *in Limine* to Exclude the Purchase Price of the Subject Property (docket no. 134), Defendant acquired the subject property in three separate transactions. The first parcel was acquired on August 27, 2003 for $950,000. The second parcel was acquired on May 24, 2004 for $1,250,000. The third parcel was conveyed to Defendant by the City of Norfolk via quitclaim deed and subject to certain conditions and consideration, on November 9, 2005. Defendant argues that the sales prices of the separate parcels should be excluded because they are not probative to the fair market value of the property as of July 1, 2010 and are unfairly prejudicial. Defendant's expert Mr. Marchitelli estimates the fair market value of the land as of July 1, 2010 to be $11,200,000 and Mr. Cantrell figures it to be $10,480,000. Plaintiff's expert valued the property as if vacant at $7,000,000. None of the expert opinions on the value of the land are close to the total value of the individual parcels before they were assembled, which amounts to $2,200,000. Evidently, the parties agree that the value of the assembled property as a whole on July 1, 2010 is

significantly more than the sum of the prices paid for the three individual parcels before their assembly. None of the experts used the sale prices of the property's constituent parcels as comparable market sales in order to value the land. Nor did they arrive at the value of the land by estimating the sum of the value of the constituent parcels.

The trial court has discretion to exclude evidence of prior sales of the property being valued or of portions thereof when such evidence would confuse or mislead the jury on the question of value. *United States v. 5139.5 Acres of Land*, 200 F.2d 659, 661 (4th Cir. 1952). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Although Plaintiff cites authority allowing for the admission of the prior sales prices of a property being valued or of portions thereof, in each of those cases the evidence was probative and the balancing requirement of Rule 403 was satisfied. *See Dickinson v. United States*, 154 F.2d 642, 643 (4th Cir. 1946) (directing admission of evidence of sale price of subject property or a portion thereof that occurred six years before its taking); *5139.5 Acres of Land*, 200 F.2d at 661 (stating that sales of timber on subject property that occurred shortly before its taking "certainly tended to establish its value"); *United States v. 100.01 Acres of Land*, 102 Fed. App'x 295, 298 (4th Cir. 2004) (unpublished) (stating that the purchase price of the entire subject property less than a year before its taking was "extremely probative of fair market value"). Here, the assembly of the three parcels into one fee simple substantially increased their value. The jury is tasked with determining the value of the property as a whole. Where that value cannot be reliably estimated by considering the sum of the value of the property's constituent parcels, the probative value of the prior sales prices to the jury is quite minimal. On the other hand, presentation of evidence of the prior sales prices has great potential to entice the jury into attempting

such a misguided approach. Further, the substantial gap between the prior sales prices and the experts' estimates of the market value of the property as of July 1, 2010 risks causing unfair prejudice to Defendant and confusing the jury as to its duty to value the entire property, not the individual parcels from which it was assembled. For these reasons, evidence of the prior sales probably should not be admitted. I will postpone making a final determination of their admissibility until trial, however, because such a decision may benefit from the full development of the facts of this case.

Defendant's Motion *in Limine* to Exclude Collateral Matters Relating to Consent Order and Public Reprimand of Dennis W. Gruelle, MAI, SRA (docket no. 135) will be denied as moot. Defendant represents that it does not intend to call Mr. Gruelle at trial.

Plaintiff's Motion *in Limine* to Exclude the Testimony of Sandra Lent, Dennis Gruelle, Vincent Mastracco, Lin Miller, and Richard Abrams based on the Court's April 25, 2011 Memorandum Opinion and Order (docket no. 187) will be granted because their testimony falls under evidence prohibited by this Court's prior orders. Accordingly, Plaintiff's Motion to Exclude the Expert Testimony of Lin Miller and Vincent Mastracco (docket no. 140) will be denied as moot.

Plaintiff's Motion *in Limine* to Exclude Costs Specific to the Development of Granby Tower (docket no. 188) will be granted as to the costs specified in Plaintiff's motion except that the architectural and engineering expenses were covered by the Court's order on May 11, 2011 and no further action on that particular category of expenses appears necessary. In addition, Plaintiff made an oral motion during the hearing to exclude costs of the Turner construction fee, of general conditions, and of general requirements. That motion is denied as untimely; Defendant is permitted to introduce evidence of such costs at trial.

Plaintiff's Motion *in Limine* to Exclude Evidence Regarding the Distribution of Compensation From the Jury Trial on Valuation (docket no. 189) will be granted pursuant to the agreement of the parties.

Plaintiff's Motion *in Limine* to Exclude Landowner Testimony on Valuation and the Failed Granby Tower Development (docket no. 190) will be granted in part. In discovery and at deposition, neither 515 Granby, Marathon, nor their appointed representative Mr. Gadams disclosed their own opinion of value of the property. Instead, they stated that they rely on the valuation opinions of their experts. Having relied in discovery on the valuation opinions of their experts, Plaintiff contends that they cannot present at trial their own opinions of value. Defendant argues that they should be permitted to testify to their opinion of the value of the property, which is that of their expert witnesses, and was fully disclosed by their experts. I hold that the landowner can only disclose its own opinion of the value of the property insofar as it is the same opinion disclosed by its expert. Plaintiff is prepared to contest at trial the opinions disclosed by Defendant's experts, and so will suffer no undue surprise by the landowner's testimony. With regard to evidence of the development of Granby Tower, Defendant will not be permitted to testify to topics excluded by prior orders of this Court but may offer testimony on Granby Tower that is otherwise proper.

Plaintiff's Motion *in Limine* to Exclude Plaintiff's Negotiations and Offers of Settlement with other Landowners in Connection with the Courthouse Expansion Project (docket no. 191) will be granted.

Plaintiff's Motion *in Limine* to Exclude Evidence of the Government's Precondemnation Actions (docket no. 192) will be granted to the extent described herein. The parties agree that evidence of the deposit of estimated just compensation is inadmissible to show value, and I will

exclude it from trial if introduced for that purpose. *See United States v. 9.85 Acres of Land*, 183 F. Supp. 402, 404 (E.D. Va. 1959) ("The payment of 'estimated compensation' into the registry of the Court is nothing more than a compliance with the constitutional rights of the landowner. It has no real bearing upon the amount of just compensation which may ultimately be determined."). With regard to settlement offers by the United States to Defendants, such evidence will be excluded. With regard to evidence that the government promised to acquire the subject property by the end of 2009, but delayed until July 1, 2010, before filing the declaration of taking, such evidence is generally inadmissible because it does not show the value as of the date of taking. However, it may be admissible under certain limited circumstances at trial. With regard to evidence of Plaintiff's bad faith, such evidence is prejudicial to the government and of little probative value, and will be excluded. *See United States v. 6,162.78 Acres of Land*, 680 F.2d 396, 400 (5th Cir. 1982) ("The question of the government's bad faith is not a jury question."). This opinion should not be interpreted as pronouncing which particular evidence would show bad faith. I reserve that determination for trial, when I will have the benefit of being presented with a concrete issue.

Upon further consideration of Plaintiff's request to exclude evidence of entrepreneurial incentive (*see* docket no. 141), and for the reasons stated by the Court at the May 13, 2011 hearing, I will exclude evidence of entrepreneurial incentive that is calculated by taking a percentage of the fair market value of the land. In his report on valuation, Mr. Marchitelli determined the entrepreneurial incentive by taking fifteen percent of the total of the land's fair market value and the direct and indirect costs. This approach is impermissible because the fair market value of the land already encapsulates the incentive necessary to entice an entrepreneur or developer to assemble the property. For example, in this case, Defendant paid $2,200,000 to purchase the parcels that were

consolidated into the present property, and the property was valued by Mr. Marchitelli as being worth $11,200,000 on the market as of July 1, 2010. The difference in the market value on July 1, 2010 and the amount paid for the parcels already includes the incentive or profit to the entrepreneur. Mr. Marchitelli did not take a percentage of the cost of the land to calculate entrepreneurial incentive. Mr. Marchitelli's estimate of entrepreneurial incentive will be excluded.

An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __16th__ day of May, 2011.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE