**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | CASE NO. 2:10-cv-00320 |
| v. | MEMORANDUM OPINION |
| 1.604 ACRES OF LAND, MORE OR LESS, SITUATE IN THE CITY OF NORFOLK, COMMONWEALTH OF VIRGINIA, AND 515 GRANBY, LLC., et al., *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant 515 Granby, LLC's Motion for Reimbursement of Deposition Expenses (docket no. 226). A telephonic hearing was held on July 20, 2011. For the reasons stated below, I will grant Defendant's motion in part.

Defendant seeks reimbursement of expenses related to the depositions taken by Plaintiff of Richard Marchitelli, Heyward M. Cantrell, Sandra S. Lent, Christopher D. Sterne, Dennis W. Gruelle, John W. Fowler, and Richard Abrams.[1] In response to Defendant's motion, Plaintiff agrees it will pay the requested amounts in full of the invoices of Lent, Gruelle, and Fowler. Plaintiff also agrees to pay the travel expenses and deposition time of Marchitelli, Cantrell, Sterne, and Abrams. Further, the parties represent that they had agreed they would not charge each other for expert deposition preparation time. The only remaining issue in dispute is whether Plaintiff must make reimbursement for the travel time of Marchitelli, Cantrell, Sterne, and Abrams. The travel time in the invoices was computed by the same hourly rate the experts charge for their time in deposition.

Plaintiff agrees to make payment for the deponents' time at deposition and their travel expenses, but

argues that it should not have to pay for costs for travel time.

Federal Rule of Civil Procedure 26(b)(4)(E) requires "the party seeking discovery" to "pay

the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)" unless

manifest injustice would result.  Fed. R. Civ. P. 26(b)(4)(E).[2]  Rule 26(b)(4)(A) permits a party to

"depose any person who has been identified as an expert whose opinions may be presented at trial."

Fed. R. Civ. P. 26(b)(4)(A).  The goal of Rule 26(b)(4)(E) is to calibrate expert fees so that the party

seeking discovery will not be hampered by unreasonably high fees which prevent feasible discovery,

without placing an undue burden on efforts to hire quality experts.  *Fleming v. United States*, 205

F.R.D. 188, 189 (W.D. Va. 2000).  Ultimately, it is in the court's discretion to set an amount for

payment that it deems reasonable.  *Id.*  The meaning of the term "reasonable fee" with respect to

expert travel time has not received judicial attention in this circuit.  Reasonable travel expenses are

allowed by local rule, but the local rule does not address payment for travel time.  *See* Local Civil

Rule 30(E).[3]  I recognize that courts in other jurisdictions have awarded costs for expert travel time

under various approaches.  *See Frederick v. Columbia Univ.*, 212 F.R.D. 176, 177 (S.D.N.Y. 2003)

---

[1] The parties agree that full payment has been made for the costs related to the deposition of Vincent J. Mastracco.
[2] Rule 26(b)(4)(E) was formerly denoted as 26(b)(4)(C).  It was renumbered as part of the 2010 amendments to the rules and slightly revised to take account of the renumbering.
[3] Local Civil Rule 30(E) applies the "cost of travel . . . to any witness . . . required to attend the taking of a deposition".  "[C]osts of travel" are defined as

> the reasonable costs of travel by air or other public transportation, or an allowance for travel by private automobile at the prevailing rate per mile as may be provided for federal government employees on official business, or whichever means of transportation is reasonably selected and used, including the cost of transportation from the office or residence to the terminal of the public transportation and from the destination terminal to the place of the taking of the deposition, and reasonable overnight accommodations, if deemed reasonably necessary, and return. The Court may, in its discretion, make a reasonable allowance for food.

L.R. 30(E).

(stating that travel time is generally compensable but reducing hourly rate of travel to $200.00 as compared to hourly rate for deposition of $375.00); *Mannarino v. United States*, 218 F.R.D. 372, 377 (E.D.N.Y. 2003) (applying a general rule that compensation for travel time should be half the regular hourly amount charged); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997) (allowing travel time at the same hourly rate as deposition time); *but see Mark Andrew of the Palm Beaches v. GMAC Commercial Mortg. Corp.*, No. 01-Civ-1812, 2003 U.S. Dist. LEXIS 13217, at *6, *6 n.3, 2003 WL 21767633 (S.D.N.Y. July 31, 2003) (rejecting costs for travel time where party seeking reimbursement chose non-local expert and made no showing that "equally skilled local experts are unavailable").  Nothing in the federal or local rules requires that I allow costs for expert travel time; rather, I must exercise my discretion to determine a reasonable fee.

After reviewing the case law, I will make this determination by considering the availability of local experts; whether one party predominantly benefited from the expert's travel; the ability of the expert to make productive use of time in transit, such as by preparing for the deposition; and the cost of travel time relative to the expert's total compensable costs.  In a federal condemnation matter where the only dispute is just compensation for the subject property, the valuation experts called upon to testify at trial typically must have specialized knowledge of and experience in the local real estate market.  For this reason, many potential experts would be found in the same geographic region as the subject property.  Here, Defendant chose to retain valuation experts from outside the area of the subject property, but with some justification.  Defendant explained it enlisted its appraiser Cantrell because he had particular experience in valuing partially developed properties.  I give weight to that assertion.  No party predominantly benefited from the experts' travel to Norfolk:  the

attorneys for both parties have offices in Norfolk and agreed to hold depositions there.[4] Regarding

productive use of travel time, the experts traveling by air could have accomplished some preparation

for their depositions, or other work-related tasks, while in transit.  Finally, I take into account that a

large portion of the experts' total bill in this case consists of travel time costs.[5]  A party should not

be permitted to substantially increase the financial burden on the party seeking discovery by virtue

of selecting experts from distant locations.  Of course, where local experts are unavailable, travel

costs may be unavoidable.  A proper balance must be struck.  With these circumstances in mind, I

will allow reimbursement of the travel time of Defendant's experts but at a reduced hourly rate.

There is no formula for determining the appropriate rate other than what in my judgment would be

reasonable.  Accordingly, Plaintiff is directed to pay for the travel time of each expert at an hourly

rate that is fifty percent of the hourly rate the expert charges for deposition time.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum

opinion and the accompanying order to all counsel of record.

Entered this 21st day of July, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] I recognize that Plaintiff's lead attorneys were located in Washington, D.C. and endured some inconvenience in traveling to Norfolk for the depositions, but such travel entailed only minor cost.

[5] Marchitelli's travel time amounted to $1,200.00 of the $4,832.68 in total costs sought for reimbursement, Cantrell's travel time amounted to $2,065.00 of the $5,551.63 in total costs, and Abrams's travel time amounted to $5,500.00 of the $6,837.62 in total costs.  Sterne's invoice did not separate travel time costs from other costs.